# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1867V
(not to be published)

| | |
|---|---|
| JACQUELYN DUNAWAY FERGUSON,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: March 25, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*John Leonard Shipley*, Davis, CA, for Petitioner.

*Andrew Henning* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 10, 2019, Jaqueline Dunaway Ferguson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she experienced Guillain-Barré syndrome as a result of her receipt of an influenza vaccine in December 2016. (Petition at 1). On November 12, 2021, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 37).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated January 23, 2022 (ECF No. 42), requesting a total award of $25,833.28 (representing $25,074.90 in fees and $758.38 in costs). In addition, in accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 42-3). Respondent reacted to the motion on January 25, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. (ECF No. 43). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY'S FEES

Petitioner requests compensation for attorney John Shipley at the following rates: $330 per hour for time billed in 2019; $375 per hour for time billed in 2020; $410 per hour for 2021; and $425 per hour for time billed in 2022. (ECF No. 42-1 at 1). The requested 2019 rate has been awarded for Mr. Shipley's work in prior Vaccine Program cases, and I shall therefore apply them herein. However, the requested increases for the subsequent years exceed what is appropriately permitted. See *Schaffer v. Sec'y of Health & Hum. Servs.,* No. 17-1491V, 2019 WL 7557794 (Fed. Cl. Spec. Mstr. Dec. 19, 2019). Rather, based on my experience applying the factors relevant to determining proper hourly rates for Program attorneys (and starting with the $330 per hour rate that I am applying for 2019 work), I find the rates of **$350 per hour for 2020, $375 per hour for 2021, and $400 per hour for 2022** to be more appropriate for Mr. Shipley. This reduces the amount to be awarded herein by **$1,109.00**.[3]

## ATTORNEY COSTS

Petitioner requests $758.38 in overall costs. (ECF No. 42-1 at 1). This amount is comprised of obtaining medical records, pacer fees and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable, and shall therefore award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$24,724.28** (representing $23,965.90 in fees and $758.38 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

                                                                         s/Brian H. Corcoran
                                                                         Brian H. Corcoran
                                                                         Chief Special Master

---

[3] This amount consists of the following: ($375 - $350 = $25 x 8.3 hrs = $207.50) + ($410 - $375 = $35 x 23.9 hrs = $836.50) + ($425 - $400 = $25 x 2.6 hrs = $65) = $1,109.00.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.